UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CRYSTAL F. SCOTT,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:16-cv-697
Dlott, J.
Litkovitz, M.J.

ORDER

This matter is before the Court on defendant's motion for voluntary remand (Doc. 10), plaintiff's memorandum in opposition (Doc. 11), and defendant's reply in support of the motion (Doc. 12).

Plaintiff filed an application for disability insurance benefits (DIB) in May 2011, alleging disability beginning on June 30, 2010. Plaintiff's insured status for DIB expired on December 31, 2015. Administrative Law Judge (ALJ) Irma Flottman originally held a hearing on plaintiff's claim on February 14, 2013, and issued a decision denying plaintiff's claim for benefits on March 8, 2013. (Tr. 199-218). Plaintiff appealed ALJ Flottman's decision to the Appeals Council. The Appeals Council issued an order on June 9, 2014, remanding the case to an ALJ for resolution of the following issues: (1) further evaluation of the treating source opinion of Dr. Jonathan Rosenthal, M.D., plaintiff's treating psychiatrist, and (2) further development and evaluation of the evidence related to plaintiff's arthritis of the right leg and any resulting work-related limitations. (Tr. 219-223). The Appeals Council found that ALJ Flottman had not adequately evaluated Dr. Rosenthal's treating source opinion and the limitations the treating psychiatrist assessed. (Tr. 220). Instead, the ALJ had selectively discounted limitations

assessed by Dr. Rosenthal for reasons that were not supported by the record, and the ALJ had failed to specifically address the limitations assessed by Dr. Rosenthal other than plaintiff's alleged inability to function independently. (Tr. 220-21). The Appeals Council stated that the ALJ found this limitation was not supported by the record despite plaintiff's testimony of limitations in this area and the report of consultative examining psychologist Dr. Nancy Schmidtgoessling, Ph.D., who opined plaintiff would need assistance in several areas. (Tr. 221). Further, the Appeals Council found that while the ALJ cited a May 23, 2012 x-ray that "revealed arthritic changes, marked narrowing of the joint space, and hypertrophic osteophytes in the right knee," the ALJ did not assess the severity of plaintiff's right knee impairment, for which she required treatment. (*Id.*). The Appeals Council therefore ordered the ALJ on remand to do the following: (1) obtain additional evidence concerning plaintiff's impairments including, if warranted and available, consultative mental status examinations and medical source statements about what plaintiff could still do despite her impairments in order "to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence (20 CFR 404.1512-1513)"; (2) further consider plaintiff's maximum residual functional capacity [RFC] during the entire period at issue with supporting rationale and specific references to evidence in the record supporting the assessed limitations, and evaluate the treating source opinion of Dr. Rosenthal as part of that analysis; and (3) obtain supplemental evidence from a VE if warranted. (Tr. 221-22).

A different ALJ, Gregory Kenyon, held a hearing on remand on December 4, 2014. (Tr. 107-138). Following the ALJ hearing, ALJ Kenyon issued a written decision on January 30, 2015, finding plaintiff was not disabled during the relevant time period and denying her claim for

disability benefits. (Tr. 82-106). Plaintiff filed a request for review of the ALJ's decision with the Appeals Council on March 30, 2015. (Tr. 76-81). In support of the appeal, plaintiff submitted additional medical records, some of which predated the ALJ's written decision (Tr. 768-826) and others which post-dated the written decision (Tr. 8-68, 72-74).[1] The Appeals Council issued a notice on May 23, 2016, denying plaintiff's request for review. (Tr. 1-7). The Appeals Counsel stated that it had "looked at" 61 pages of records that plaintiff had submitted but found the "new information" did not affect the decision as to whether plaintiff was disabled on or before January 30, 2015, the date of the ALJ's written decision, because the information was "about a later time." (Tr. 2).

On June 29, 2016, plaintiff filed her complaint in this Court challenging the Commissioner's final decision denying her application for DIB. (Doc. 3). Plaintiff filed her statement of errors on October 31, 2016. (Doc. 9). On December 12, 2016, the Commissioner filed a unilateral motion for voluntary remand under sentence four of 42 U.S.C. § 405(g). (Doc. 10). The Commissioner requests that the Court enter an order and judgment reversing the final decision of the Commissioner of Social Security pursuant to the fourth sentence of 42 U.S.C. § 405(g) and remand this matter to the Commissioner for further administrative proceedings and a new decision. The Commissioner states that upon receipt of the Court's order, the Appeals Council will remand the matter to an ALJ for further proceedings. The Commissioner does not set forth the reasons for seeking a voluntary remand in the motion.

Plaintiff opposes the motion for voluntary remand and seeks a determination on the

---

[1] The Appeals Council referred to seven pages of records from Dr. Jerry Magone, M.D., dated April 20, 2014, as part of the information pertaining to the period post-dating the ALJ's decision that it reviewed. (Tr. 2). These records are actually dated April 20, 2015. (Tr. 69-75).

3

merits of her appeal. (Doc. 11). Plaintiff contends that a remand for further consideration is not warranted because the proof of disability is overwhelming. Plaintiff alleges she is clearly entitled to benefits based solely on her physical impairments under Rule 201.12 of the medical-vocational guidelines for sedentary work. (*Id.* at 3). Plaintiff alleges that the Commissioner should not be given the opportunity to conduct further administrative proceedings given that her claim for disability benefits has been pending over 5 ½ years and has already been the subject of two ALJ hearings and two Appeals Council reviews.

In the reply brief, the Commissioner sets forth her reasons for seeking a voluntary remand. (Doc. 12). The Commissioner concedes that the ALJ's decision "was flawed and cannot be defended"; however, the Commissioner alleges it is not appropriate for this Court to reverse the administrative decision and award benefits because "not all essential factual issues have been resolved." (*Id.* at 1-2). The only medical records the Commissioner relies on to support her position are a two-page discharge summary from plaintiff's June 2015 right knee replacement (Tr. 15-16) and state agency reviewing physician assessments from 2011 finding plaintiff capable of a range of light work. (*Id.* at 2). The Commissioner alleges this evidence is "strong contrary evidence" that plaintiff was not disabled as of June 2010, the alleged onset date. (*Id.*). However, the Commissioner does not address the impact of any physical impairments other than plaintiff's knee impairment, and neither does she discuss plaintiff's severe mental impairments. The Commissioner's truncated argument for remand, supported by sparse references to medical exhibits from a record that covers over five years, does not establish that a remand for further administrative proceedings, as opposed to a remand and reversal for an outright award of benefits, is the appropriate outcome here. Therefore, the Commissioner's

4

motion for a voluntary remand is DENIED.

As the Commissioner concedes that the ALJ's decision cannot be defended, the only issue in this appeal is whether this matter should be reversed and remanded for rehearing or reversed for an immediate award of benefits. 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec. of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec. of H.H.S.*, 820 F.2d 777, 782 (6th Cir. 1987). The Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

Accordingly, the Commissioner is ordered to file a brief addressing this issue by February 1, 2017. Plaintiff is ordered to file a reply brief by February 15, 2017.

**IT IS SO ORDERED.**

Date: 1/10/2017

Karen L. Litkovitz
United States Magistrate Judge