# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CRYSTAL SCOTT,
Plaintiff

Case No. 1:16-cv-697
Dlott, J.
Litkovitz, M.J.

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 23), the Commissioner's response (Doc. 24), plaintiff's reply (Doc. 25), and plaintiff's supplemental memorandum (Doc. 26).

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25

percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit has determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422. *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

2

The first issue to address here is the amount of the total fee award plaintiff requests under § 406(b). Plaintiff acknowledges that the Social Security Administration withheld $14,953.00 - 25% of plaintiff's past-due benefits - from those benefits for attorney fees. However, plaintiff asserts that she requests a reduced fee of $11,553.00, and an effective hourly rate of $494.78, to account for the fee of $3,400.00 the Court awarded under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *See* Doc. 22. Plaintiff asserts she is asking the Court to approve a reduced sum because when she sought payment of a fee under the EAJA, counsel agreed to "credit" any EAJA fee the Court awarded against the 25% amount specified in counsel's contingency fee agreement with plaintiff. (Doc. 23 at 3, n.1).

Plaintiff's suggested approach to calculating the effective hourly rate is mistaken and leads to an erroneous result under the *Hayes* calculation. *See Ringel v. Comm'r. of Soc. Sec.*, 295 F. Supp.3d 816, 839-40 (S.D. Ohio 2018). As explained in *Ringel*:

> It is true that the EAJA's Savings Clause bars duplicative awards, and that an attorney who recovers a second, larger fee under 42 U.S.C. § 406(b) must refund the duplicate EAJA fee to the claimant. [Ftnt. omitted]. However, the effective hourly rate can be calculated only prior to the subtraction of the duplicate prior EAJA award; subtracting the EAJA award from the total fee sought is incorrect, as the EAJA fee is a wash. [Ftnt. omitted]. Here, [the] . . . effective hourly rate is calculated by reference to [the total fee requested] (including her prior EAJA award) divided by the total number of hours expended. The return of an EAJA fee is not a compromise and does not reduce the effective hourly fee sought but only prevents double recovery for the same work.

*Id.* Thus, the proper approach is to perform the *Hayes* calculation using the full 25% contingency amount of $14,953.00, without reducing that amount by the prior EAJA fee award. The Court will therefore treat plaintiff's request for a § 406(b) fee award as a request for the full contingency amount of $14,953.00 in analyzing whether the fee request is reasonable.

The requested fee of $14,953.00 falls within the 25% boundary. Thus, the issue is whether the requested fee is reasonable for the services counsel rendered. *Gisbrecht*, 535 U.S. at

3

807. Plaintiff asserts the requested fee is reasonable given the time and effort counsel expended, counsel's considerable expertise in the area of social security disability law, and counsel's success in achieving a favorable result before the Commissioner on remand. (Doc. 23 at 3-7). Plaintiff has submitted a copy of the contingency fee agreement she entered into with counsel under which she agreed to pay counsel a contingency fee of 25% of past-due benefits. (Doc. 23, Ex. B). Plaintiff has also submitted itemized billing sheets showing that her attorney performed a total of 23.35 hours of work on the case in the District Court. (*Id.*, Ex. C). Plaintiff has also filed counsel's affidavit on his background and experience (*Id.*, Exh. D) and a supplemental memorandum and statement affirming that she was pleased with counsel's representation and the outcome of her case. (Doc. 26, Exh. A).

The Commissioner has submitted a response to plaintiff's motion. (Doc. 24). The Commissioner submits that either awarding the full contingency fee of $14,953.00 sought by counsel or reducing that amount is within the Court's discretion. The Commissioner states the purpose of responding to plaintiff's motion is simply to provide an "analysis to aid the Court in setting an appropriate fee." (*Id.* at 1). The Commissioner asserts that judges in the Southern District of Ohio have reached varying conclusions about what constitutes a windfall that would justify reducing a requested fee. (*Id.* at 2-3, collecting cases). The Commissioner notes that while judges in the Southern District of Ohio have limited effective hourly rates to $360 (*Id.* at 2, n.4, citing cases), they have also approved effective hourly rates that exceed the effective hourly rate requested here. (*Id.* at 3, n.6, citing *Martin v. Comm'r of Soc. Sec.*, No. 3:13-cv-00336, 2017 WL 443137, at *2 (S.D. Ohio Feb. 2, 2017) (Report and Recommendation) (Newman, M.J.), *adopted sub nom. Martin v. Berryhill*, 32017 WL 680646 (S.D. Ohio Feb. 21, 2017) (Rose, J.) (contingency fee of $13,250.00 and hypothetical hourly rate of $690.10 for 19.2 hours of work

4

approved based on evidence of counsel's extensive experience in social security disability matters, the excellent result counsel achieved for the plaintiff, counsel's efficient handling of the matter, and fact that plaintiff agreed to the contingency fee); *Havens v. Comm'r of Soc. Sec.*, No. 2:12-cv-0637, 2014 WL 5308595, at *2 (S.D. Ohio Oct. 16, 2014) (Kemp, M.J.) (Report and Recommendation), *adopted*, 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014) (Smith, J.) (contingency fee of $18,562.50 and effective hourly rate of $750.00 approved where counsel handled the matter with expertise and efficiency, and counsel voluntarily limited the requested amount to 25% of back benefits accrued at the time of the ALJ's decision)).

In reply, plaintiff notes that the Commissioner has taken a neutral position on her attorney fee request. Plaintiff cites numerous prior decisions where judges in this District have approved effective hourly rates for Mr. Ahlers, counsel in this case, that range from $524.02 to $702.88. (Doc. 25 at 2, n.1, citing *Sander v. Comm'r*, No. 1:11-cv-673, Doc. 29, 05/26/2016 Order (Barrett, J.) (contingency fee award of $18,000.00 made with effective hourly rate of $524.02); *Sweet v. Comm'r*, No. 1:14-cv-090, Doc. 20, 11/23/2015 Order (Black, J.) (contingency fee award of $15,365.25 made with effective hourly rate of $585.34); *Meyer v. Comm'r*, No. 1:15-cv-207, Doc. 26, 10/31/2016 Order (Barrett, J.) (fee award of $16,412.25 made at effective hourly rate of $702.88)). Plaintiff also cites one case where Mr. Ahlers requested and was awarded a contingent fee award of $30,000, which yielded an effective hourly rate of $1,276.60.[1] *See Beck v. Comm'r*, No. 1:10-cv-398, Doc. 30, 01/24/2014 Order (Weber, J.) (factors that favored an award in that amount included the fact that the requested fee was substantially less than the agreed upon 25% of past-due benefits - $58,815.75 - and represented a contingency fee rate of only 12.75%; the case was not routine and was both legally and factually

---

[1] The total fee awarded in the case was $25,750.00, which represented the $30,000 contingent fee less $4,250.00 in EAJA fees previously awarded to counsel.

5

complicated; and counsel's advocacy achieved an excellent result and an award of significant benefits to both the client and her children).

Dividing the $14,953.00 withheld by the Social Security Administration from plaintiff's past-due benefits by the 23.35 hours counsel worked on the case before this Court produces a hypothetical hourly fee of $640.39. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 420-21 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id.*

As evidence of the standard rate in the relevant market, plaintiff relies on (1) counsel's affidavit, and (2) a fee survey conducted and published by the Ohio State Bar Association, *The Economics of Law Practice in Ohio in 2013*.[2] (Doc. 23). In his affidavit, counsel states that he has been licensed to practice law in Ohio since 1982 and has been admitted to practice before

---

[2] Plaintiff has not attached the published study to her motion. It is available online at https://www.ohiobar.org/NewsAndPublications/Documents/OSBA_EconofLawPracticeOhio.pdf.

this Court and the Sixth Circuit Court of Appeals throughout this time period; his law practice has always involved a significant level of Social Security disability appeals at the administrative and judicial levels and he has pursued numerous appeals in the Sixth Circuit; he has achieved success in many of the cases he has handled; he is a former chairman of the Cincinnati Bar Association's Social Security Committee; and he has given lectures on this topic. (*Id.*, Exh. D). Counsel states that although the vast majority of his practice involves cases he takes on a contingent fee basis, he occasionally takes miscellaneous cases for which he charges an hourly rate of $250.00. (*Id.*).

The Ohio State Bar Association study plaintiff relies on has been found to be satisfactory evidence in other contingency fee cases that the standard hourly rate requested is "in line with the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Robinson v. Comm'r of Soc. Sec.*, No. 2:13-cv-1055, 2015 WL 401477, at *3 (S.D. Ohio Jan. 28, 2015) (Report and Recommendation) (King, M.J.), *adopted*, 2015 WL 1291146 (S.D. Ohio Mar. 18, 2015) (Sargus, J.). *See also Lee v. Comm'r,* No. 3:14-cv-291, 2018 WL 2999909, at *4 (S.D. Ohio June 15, 2018) (Rice, J.); *Buttrey v. Astrue*, No. 1:11-cv-357, 2016 WL 212960, at *3 (S.D. Ohio Jan. 19, 2016) (Barrett, J.); *Pencil v. Astrue*, No. 3:10-cv-394, 2012 WL 4364273, at *2 (S.D. Ohio Sept. 24, 2012) (Black, J.). *But see Ringel*, 295 F. Supp.3d at 830 (rejecting plaintiff's proffer of 2004 survey of average rates in the downtown Cincinnati area and the Ohio State Bar Association survey as evidence of a "standard rate" of more than $200.00 per hour for social security attorneys in favor of an EAJA-based "standard rate," in the absence of evidence of counsel's normal billing rate for comparable, noncontingent work). The Ohio State Bar Association survey reflects hourly billing rates ranging from $325 at the 75th percentile to $350 at the 95th percentile with a median rate of

$250 for social security attorneys, and hourly rates ranging from $300 at the 75th percentile to $450 at the 95th percentile with a median rate of $225 for attorneys across all areas of practice with 26 to 35 years of experience (the category plaintiff's counsel fell in from 2016 to 2017, the years he worked on plaintiff's case before this Court). Given his expertise in the area of social security disability law, counsel's noncontingent hourly rate of $250 is in line with the hourly rates reflected in the fee survey for both practitioners in his field and attorneys across all fields of practice.

The requested fee of $14,953.00 yields an effective hourly rate of $640.39, which is more than twice counsel's standard rate of $250.00. In determining whether awarding the full fee would constitute a windfall, the undersigned notes that judges in this jurisdiction have consistently approved hourly rates in excess of $500.00 in comparable cases. *See Wagner v. Comm'r of Soc. Sec.*, No. 1:10-cv-784, 2014 WL 1045898, at *3 (S.D. Ohio Mar. 14, 2014) (Report and Recommendation) (Litkovitz, M.J.), *adopted,* No. 1:10-cv-784, 2014 WL 1338092 (S.D. Ohio Apr. 2, 2014) (Dlott, J.) (awarding $11,202.50 and effective hourly rate of $689.38) (citing, e.g., *Wright v. Astrue,* No. 3:09-cv-115, 2012 WL 3023258 (S.D. Ohio July 24, 2012) (adopting Report and Recommendation that the plaintiff be awarded a contingency fee with an effective hourly rate of $539.57); *Pencil v. Astrue,* No. 3:10-cv-394, 2012 WL 4364273 (S.D. Ohio Sept. 24, 2012) (approving contingency fee award of $11,745.98 with an effective hourly rate of $546.32); *Burney v. Astrue,* No. 3:07-cv-419, 2011 WL 1675264 (S.D. Ohio May 3, 2011) (adopting Report and Recommendation that the plaintiff be awarded a contingency fee of $15,360.00 with an effective hourly rate of $646.74); *Thacker v. Astrue,* No. 3:08-cv-135, 2011 WL 1660201 (S.D. Ohio May 3, 2011) (adopting Report and Recommendation that the plaintiff be awarded a contingency fee award of $13,650.00 with a computed hourly rate of $620.00)).

8

Indeed, this Court has awarded an effective hourly rate of $700.00 or more in two comparable cases. *Jodrey v. Comm'r of Soc. Sec.*, No. 1:12-cv-725, 2015 WL 799770, at *2 (S.D. Ohio Feb. 25, 2015) (Report and Recommendation) (Litkovitz, M.J.), *adopted*, No. 1:12-cv-725, 2015 WL 1285890 (S.D. Ohio Mar. 19, 2015) (Barrett, J) (effective hourly rate of $700.00); *Pickett v. Astrue*, No. 3:10-cv-177, 2012 WL 1806136 (S.D. Ohio May 17, 2012) (Black, J.) (effective hourly rate of $709.00). The Court's reasoning in *Pickett* continues to be persuasive. The Court in *Pickett* stated:

> Such a high hypothetical hourly rate arguably falls within the range of what may be perceived as a "windfall." However, the Court notes that Plaintiff's counsel's work on behalf of Plaintiff resulted in a significant, though not inordinate, award of past-due benefits. Further, Plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel undertook and assumed the risk of non-payment, which is the nature of contingency fee agreements. In addition, there is no suggestion nor even a hint of impropriety regarding the agreement between Plaintiff and Plaintiff's counsel, and, as already noted, Plaintiff's attorney's work proved greatly successful.

*Id.*, at *2.

This same analysis applies here and supports awarding the requested fee. Counsel did not unduly delay the resolution of this matter and achieved an excellent result. The case was reversed and remanded and plaintiff was awarded benefits on remand. Counsel's work resulted in a significant award of benefits to plaintiff. Further, plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel undertook and assumed the risk of non-payment. Plaintiff has affirmed that she is pleased with counsel's handling of her case and the result he achieved. Counsel has acknowledged that any award of fees under § 406(b) must be offset by the previous award of EAJA fees in the amount of $3,400.00 (*see* Doc. 22), as required under *Jankovich v. Bowen*, 868 F.2d 867, 871 and n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds

9

awarded pursuant to the EAJA serve as reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and should be awarded to the client). (Doc. 25 at 3). Finally, as discussed above, comparable rates have been awarded in similar cases in this District Court. In view of these considerations and having reviewed the fee request in light of the remaining criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $14,953.00 is reasonable for the work plaintiff's counsel performed in this Court.

The Court therefore **RECOMMENDS** that plaintiff's § 406(b) motion for attorney fees be **GRANTED** and that counsel be **AWARDED** attorney fees in the amount of **$11,553.00,** which represents the $14,953.00 in a fee award under 42 U.S.C. § 406(b)(1)(A) less $3,400.00 in EAJA fees.

Date: 8/29/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CRYSTAL SCOTT,
    Plaintiff

Case No. 1:16-cv-697
Dlott, J.
Litkovitz, M.J.

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).